IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3324-D

| | | |
|---|---|---|
| TERRY KIELISCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM K. MARSHAL, | ) | |
| | ) | |
| Defendant. | ) | |

On December 18, 2025, Terry Kielisch ("Kielisch" or "plaintiff"), a federal inmate proceeding pro se, filed a letter concerning his conditions of confinement at two federal prisons which the clerk construed as a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. On January 13, 2026, Kielisch filed his complaint on the correct form [D.E. 5]. As explained below, the court dismisses the action for failure to state a claim.

I.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (cleaned up).

The standard used to evaluate the sufficiency of a pleading is flexible, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Seabrook v. Driscoll, 148 F.4th 264, 269–70 (4th Cir. 2025); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

The allegations of Kielisch's complaint arose at Federal Correctional Institution Fort Dix in Joint Base MDL, New Jersey ("Fort Dix") and Federal Correctional Institution Butner in Butner, North Carolina ("FCI Butner"). See [D.E. 5] 5. Kielisch names William K. Marshal ("Marshal"), the Director of the Federal Bureau of Prisons ("BOP"), as the sole defendant. See id. at 3. Kielisch alleges that Marshal violated his rights to "freedom of religion, taking legal paper work[,] mass punishment, [and] denied [him] med[ication]s." Id. at 5.

Kielisch alleges that, while he was incarcerated at Fort Dix, unknown prison staff tore pages from his Bible, took his legal documents and personal property, forced him to take the GED, denied him thyroid medication, locked the unit down because of other inmates' actions, and took money out of his trust fund for court fees he did not owe. See id. Kielisch also alleges asbestos came out of the ceiling, sewage fell onto the floor, the water was contaminated, there was black mold everywhere, there was no air conditioning, and the walls contained lead-based paint. See id.

Kielisch alleges that, while he was incarcerated at FCI Butner, unknown prison staff cursed at and threatened him daily, yelled at him to leave the chow hall before he finished eating, would not let him leave the chow hall with milk, denied him hygiene and commissary items, denied him

2

stamps and paper, and were racist. See id. at 6. Kielisch alleges unknown medical staff at FCI Butner denied him unidentified medications, made him wait when he went to sick call, and put him on an unspecified list after he was examined. See id. Kielisch also alleges there was black mold at FCI Butner. See id. Kielisch asks the court to order the BOP to stop feeding inmates food that is not for humans, remove the asbestos, treat inmates humanely, fix the plumbing, stop embezzling his money, and give him time credits for his age and for taking the GED. See id. at 8.

Kielisch cannot assert Bivens claims against Marshal for the acts alleged in his complaint. See, e.g., Egbert v. Boule, 596 U.S. 482, 498 (2022); Hernandez v. Mesa, 589 U.S. 93, 102 (2020); Ziglar v. Abbasi, 582 U.S. 120, 130–46 (2017); Spivey v. Breckon, 173 F.4th 174, 177–82 (4th Cir. 2026); Orellana v. Godec, 145 F.4th 516, 522–527 (4th Cir. 2025); Earle v. Shreves, 990 F.3d 774, 780 (4th Cir. 2021). Additionally, Kielisch does not allege any personal involvement of Marshal and names him on a supervisory liability theory. The doctrine of respondeat superior does not generally apply to a Bivens claim. See, e.g., Iqbal, 556 U.S. at 677; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Thus, the court dismisses Kielisch's Bivens claims against Marshal. See, e.g., Alward v. FCI Beckley Warden, No. 5:25-377, 2025 WL 4054801, at *4 (S.D. W.Va. Sept. 25, 2025) (unpublished), report and recommendation adopted, 2026 WL 117429 (S.D. W.Va. Jan. 15, 2026) (unpublished), aff'd, No. 26-6165, 2026 WL 1818388 (4th Cir. June 24, 2026) (per curiam) (unpublished); Nellson v. Doe, No. 21-6206, 2023 WL 3336689, at *5 n.1 (4th Cir. 2023) (unpublished).

3

To the extent that Kielisch challenges the denial of time credits, a writ of habeas corpus is the exclusive remedy for inmates seeking release from their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499–500 (1973). Thus, the court dismisses the action without prejudice.

II.

In sum, the court DISMISSES WITHOUT PREJUDICE the action for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B). The clerk shall close the case.

SO ORDERED. This 9 day of July, 2026.

JAMES C. DEVER III
United States District Judge

4